# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHING-HUEI "JEAN" WANG**, | *  |
| Plaintiff | * |
| v. | * Civil No. **PJM 16-3935** |
| **DANIEL G. SCHUSTER, LLC** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Ching-Huei "Jean" Wang has brought this action for employment discrimination against Daniel G. Schuster, LLC ("Schuster"), claiming that she was retaliated against for bringing to Schuster's attention an inappropriate racial remark made in an instant message conversation between two employees. Wang filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and the Maryland Commission on Civil Rights. The MCCR found that "[t]he investigation failed to substantiate [Wang's] allegation that her termination on November 13, 2015 was a retaliation [sic] for opposing discriminatory activity in the workplace." Discovery in this Court has been completed, and Schuster has filed a motion for summary judgment. The motion will be **GRANTED**.

Wang is a native of Taiwan who was employed by Schuster from on or about May 26, 2004 until November 13, 2015, serving as Schuster's payroll manager. She was discharged for purportedly running the Payroll Department in an arbitrary manner.

To establish a prima facie case of retaliatory discharge under Title VII, a plaintiff must offer evidence from which a reasonable trier of fact could find that: (1) she engaged in a protected activity; (2) her employer took adverse employment action against her; and (3) a causal

connection existed between the protected activity and the adverse action.[1] *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce a legitimate, non-retaliatory reason for the adverse action. Once the defendant articulates such a reason, the burden shifts to the plaintiff to show the proffered reason is a pretext for retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

In this case, even if Wang has established a prima facie case, she has failed to show that Schuster's legitimate reason for terminating her employment was a pretext for retaliation. She asserts in effect two claims in support of her argument that she in fact was not discharged because she was running the Payroll Department in an arbitrary manner. First, she claims that she was never subjected to progressive discipline. However, it is undisputed that Schuster at all relevant times did not have a progressive discipline policy or practice.[2] While that, perhaps, would have been a better policy and practice, the court does not sit as a human resources department. It sits only to remedy violations of federal law.

Second, Wang denies on the merits that she ran her department in an arbitrary manner. Still, she does not dispute that there were grounds for Schuster's "honest belief" that she had engaged in misconduct. *See Berner v. Blank*, Civ. No. DKC 12-1390, 2013 WL 951562, at *4

---

[1] The standards of proof required to establish retaliation under 42 U.S.C. §§ 1981 and 1983 as well as under the Maryland Fair Employment Practices Act are the same as those under Title VII. *Boyer Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015); *Myles Anderson v. Emmes Corp.*, Civ. No. GJH-15-2461, 2017 WL 881812, at *4 (D. Md. March 3, 2017); *Haynie v. St. Mary's County*, Civ. No. DKC-97-3062, 2001 WL 194297, at *8 (D. Md. Feb. 26, 2001).

[2] Schuster also has not had in place a procedure for annual evaluations, as a result of which Schuster does not have any evaluations for Wang on file. Although Wang received a cash award thirteen days before her employment was terminated, this, according to Schuster, was due to the fact that Schuster had a good financial year, not because of Wang's marvelous performance. Perhaps Schuster ought to have a system in place for conducting annual evaluations, but the Court does not sit as a human resources department, it sits only to remedy violations of federal law.

(D. Md. March 11, 2013). In sum, Wang has not established that Schuster discriminated against her on a prohibited basis. Before terminating Wang, Schuster had received from different employees complaints about Wang's inappropriate behavior and management style. Additionally, Schuster had evidence that Wang was creating a racially hostile work environment. For example, one payroll clerk, who Wang sought to terminate, received an instant message from Wang reprimanding her for speaking Spanish to Spanish-speaking foremen over the telephone. Wang stated in the instant message to the clerk, "I know the majority of them can understand English. They are just lazy. . . ." Wang also stated to her Human Resources manager that they had to "be careful" dealing with a payroll clerk "because she [is] Jewish." Further, the daughter of the owner of Schuster testified at deposition that Wang had stated to her "we shouldn't trust Emily because she is Jewish, and Jewish people with money cannot be trusted."

A separate order granting Schuster's Motion for Summary Judgment is being entered herewith.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**December 20, 2017**